SHORTESS, Judge.
William Ray Thornhill (plaintiff) was injured on May 4, 1981, while employed as a warehouse superintendent by Luke Construction Company (defendant). He was lifting a roll of visqueen off of a rack when he fell over backward and broke four vertebrae. Plaintiff first saw his family physi *760 cian, Dr. W.A. Marmande, who x-rayed him, put him in a back brace and referred him to Dr. Christopher Cenac, an orthopedic surgeon, who treated him thereafter.
Plaintiff remained off work for approximately three months, until August 8, 1981, when he returned to his former job as warehouse superintendent. Plaintiff continued to work until September 29, 1981, when he was discharged for drinking. He was again rehired by defendant on November 5, 1981, but this time as field superintendent, a position requiring that he work in the field. Plaintiff worked until May, 1982, when he was hospitalized for a liver disorder. He returned to work for defendant in June, 1982, as a field clerk. Plaintiff held this position for two to three months. He was finally discharged by defendant on August 29, 1982, for drinking. He brought this suit on February 1, 1983, alleging a total and permanent disability due to the accident of May 4, 1981, and praying for compensation benefits, medical expenses, and penalties and attorney fees under LSA-R.S. 23:1201.2.
The trial court found, as stated in its written reasons, that defendant “did not dispute the fact that plaintiff was injured in the course and scope of his employment,” and that defendant had paid all of plaintiffs medical bills “related to this accident.” The court stated that defendant was required to continue to pay those expenses in the future. Framing the sole issue in the case as whether or not plaintiff was disabled under the odd-lot doctrine due to substantial pain as a result of his accident, the court stated that Dr. Cenac testified that “plaintiffs physical condition would likely cause him pain from time to time” but did not characterize plaintiffs condition as one of continuous or constant pain.” It further found that plaintiff never complained of working in pain to either his co-workers or supervisors; that plaintiff had no record of reporting late or leaving early as a result of pain; and that there was “no evidence that plaintiff was unable to perform his assigned duties or had any difficulty in performing them.” The court concluded that plaintiff was not in substantial pain so as to totally and permanently disable him, and dismissed the suit at plaintiffs costs.
Plaintiff appealed, basing his argument upon two assignments of error:
1. The Trial Court ignored the testimony of Dr. Cenac, the treating physician, that as of September 1, 1982 and March 21, 1983, the last visit before the trial, that plaintiff was symptomatic and not capable of doing supervisory work of any type ... and that during the winter months plaintiff would have difficulty doing any work.
2. The Trial Court ignored the testimony of Dr. Cenac to the [effect] that the plaintiff would have pain on a constant basis, even at rest.
Under the odd-lot doctrine plaintiff is entitled to total and permanent disability benefits if the evidence of his physical impairment, mental capacity, education and training indicates that he can perform no services other than those which are so limited in quality, dependability or quahtity that a reasonably stable market for them does not exist. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980). The Supreme Court has held that the plaintiff who qualifies under this standard for odd-lot classification is entitled to benefits for total and permanent disability under LSA-R.S. 23:1221(1-2) because of his inability to “engage in any gainful employment for wages.” After reviewing the record, we find that the trial court was not clearly wrong in finding that plaintiff did not prove himself qualified for odd-lot status due to substantial pain. Physical inability to return to work and inability to return to work due to substantial pain are questions of fact. The determination of fact made by a trial court will not be disturbed when there is evidence which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, unless those findings are clearly wrong. Crump v. Hartford Accident and Indemnity Company, 367 So.2d *761 300 (La.1979); Field v. Winn Dixie Louisiana, Inc., 427 So.2d 616, 620 (La.App. 5th Cir.1983). Though there is some basis in the record for finding that plaintiff does incur pain, the record does not support a finding that plaintiff is “unable to engage in gainful employment for wages.” Wilson v. Ebasco Services, 393 So.2d 1248 (La.1981).
The workers’ compensation laws provide for a finding of partial disability under LSA-R.S. 23:1221(3). Under that provision, a worker is to be considered partially disabled when he is unable “to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience_” LSA-R.S. 23:1221(3); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367, 370 (La.1980). Accordingly, we will examine the record to determine if the evidence, including the omissions alleged in plaintiffs assignments of error, is sufficient to prove partial disability.
The only physician to testify at trial was Dr. Christopher Cenac, orthopedic surgeon and the treating physician. He first saw plaintiff on June 9, 1981. He testified that plaintiff had no history of back complaints, and that he found plaintiff to have a compression fracture at T-12 with degenerative pre-existing osteoarthritis and some spur formation, but no disc herniation. Dr. Cenac testified that plaintiff is still capable of doing supervisory-type work, though he will require medication for pain. Cenac was of the opinion that plaintiff would be able to perform supervisory jobs, with the aid of pain medication, when those jobs allowed him freedom to sit or stand as he required, and when they involved no heavy lifting. He stated that the compression fracture was at the fulcrum point of plaintiffs back, and that lifting would aggravate his injury. Plaintiff directs us to these passages in brief in support of his argument that he is totally and permanently disabled; however, taking Cenac’s testimony in context reveals that his prognosis of pain is based upon the premise that plaintiffs job requires heavy lifting.
Cenac also testified that extreme weather changes — “cold fronts and things of this nature” — would aggravate plaintiffs injury. Plaintiffs record of treatment under Cenac bears this out. Plaintiff was repeatedly taken off of work by Cenac over the course of his treatment, due to the seasonal pain he experienced.
Plaintiffs fellow employees and immediate supervisor, Bill Carmack, testified that plaintiff did experience some stiffness and soreness in his back while working as warehouse superintendent. Donny Hebert, a fellow employee who worked with plaintiff in the toolroom testified that he saw plaintiff take medication and saw his back brace but said plaintiff was not much of a “complainer.”
Plaintiffs testimony concerning his education, training and experience was that he is 61 years old, a high school graduate, has served in the Armed Services, and worked in mechanical/construction-related jobs all of his adult life.
In Dusang, 389 So.2d at 370, 372, the Supreme Court interpreted LSA-R.S. 23:1221(3), the partial disability provision:
A person who can engage in a gainful occupation is not totally disabled, even if such occupation is not the same or similar to his old occupation and even if it is not one for which he is particularly fitted by education, training or experience.

[I]f a worker cannot perform the same work that he did before his injury because it causes him substantial pain, but he has the mental capacity and physical capability to perform other jobs which are available, he should be considered partially disabled.
From the record before us, we conclude that the trial court was correct in finding plaintiff not totally and permanently disabled under the odd-lot doctrine — he has been gainfully employed by the defendant since his accident, released only due to his drinking problem, and has not shown “that *762 he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist.” However, the court erred in not finding plaintiff partially disabled. Both the medical and lay testimony convinces us that plaintiff does experience substantial pain because of his injury. Furthermore, the fact that plaintiff continued to work other jobs with defendant and was released only for his drinking problem, shows that he has the mental capacity and physical capability to perform other jobs which are available.
The evidence before us is insufficient to determine the amount of partial disability benefits plaintiff is entitled to receive. We will therefore remand this matter so the trial court can take evidence and award the appropriate benefits. Costs are taxed to defendant.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.